UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRE POUPON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 14-cv-6528 |
| v. | ) | |
| | ) | Hon. Milton I. Shadur |
| HEALTHCARE COLLECTIONS-I, LLC, | ) | |
| | ) | Hon. Susan E. Cox |
| DEFENDANT. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Alexandre Poupon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

### PARTIES

3. Plaintiff, Alexandre Poupon ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted medical services account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Healthcare Collections-I, LLC, ("HCI"), is an Arizona limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect,

directly or indirectly, defaulted consumer debts from consumers in virtually every state, including consumers in Illinois. (Exhibit A, Record from Arizona Corporation Commission).

5. HCI conducts business in Illinois by regularly collecting debts from Illinois consumers, and communicating credit information about Illinois consumers to the TransUnion consumer reporting agency in Chicago, Illinois.

6. In fact, HCI acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Plaintiff incurred a debt for services used for personal purposes, originally for a medical services account ("alleged debt"). Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. On or about February 2, 2011, HCI communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, the original creditor, and a pay status. (Exhibit B, Excerpt of Plaintiff's TransUnion credit report showing HCI's trade line).

10. HCI communicated an Original Amount on the alleged debt of $1,023.

11. Upon reviewing his TransUnion credit report, Plaintiff discovered HCI's tradeline, and did not believe the amount was accurate.

12. On May 4, 2014, Plaintiff sent a letter to HCI asking for more information about the alleged debt. (Exhibit C, Plaintiff's First Letter).

13. On May 4, 2014, HCI received the letter from Plaintiff.

14. HCI did not send any information to Plaintiff after receiving his May 4, 2014, letter.

15. On or about June 7, 2014, Plaintiff sent another letter to HCI stating that the information alleged by Defendant HCI "does not seem accurate." (Exhibit D, Plaintiff's Second Letter).

16. On June 7, 2014, HCI received the letter from Plaintiff.

17. On information and belief, Plaintiff's account is the only account assigned to HCI for an "Alexandre P. Poupon," or an "Alex P. Poupon."

18. HCI knew or should have known that Plaintiff disputed the debt after he questioned the accuracy of the information.

19. Plaintiff further requested that HCI send him information on the ownership of the debt, "otherwise, I am disputing it." (Ex. D, 2nd Letter).

20. HCI did not send any information regarding the ownership of the alleged debt.

21. Instead, on or about July 8, 2014, HCI communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number, a balance, and a pay status. (Ex. B, TransUnion Excerpt).

22. HCI failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information regarding the alleged debt to TransUnion.

23. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations.**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

24. On or before July 8, 2014, HCI knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified HCI of that dispute by letters on May 4, 2014 and June 7, 2014.

25. In *Brady v. Credit Recovery Co.,* the 1st Circuit held:

> The FDCPA does not include the terms "dispute" or "disputed debt" in the section devoted to definitions, see 15 U.S.C. § 1692a, we look first to ordinary usage. In ordinary English "dispute" is defined as a "verbal controversy" and "controversial discussion."

160 F.3d 64, 66 (1st Cir. 1998) (citing Webster's Third New International Dictionary (3d ed.1971)).

26. Plaintiff questioned both the accuracy *and* the ownership of the alleged debt, placing both issues into controversy.

27. Even though HCI knew or should have known, prior to July 8, 2014, that Plaintiff disputed owing the alleged debt, HCI failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when HCI communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and1692e(8).

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff re-alleges paragraphs 1-28 as if set forth fully in this count.

30. HCI failed to communicate that the alleged debt was disputed to the TransUnion consumer reporting agency when communicating other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8), since it knew or should have known that Plaintiff disputed the debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Jacob Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
Wood Finko & Thompson P.C.
73 W. Monroe Street, Suite 514
Chicago, IL 60603
(312)757-1880
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com