**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRE POUPON, | ) | |
| | ) | |
| Plaintiff, | ) | 1:14-cv-6528 |
| | ) | |
| v. | ) | District Judge Milton I. Shadur |
| | ) | |
| HEALTHCARE COLLECTIONS-I, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(b)(6)

Defendant, HEALTHCARE COLLECTIONS-I, LLC, by and through its undersigned attorneys, hereby moves to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support of which states as follows:

## INTRODUCTION

On August 23, 2014, Plaintiff filed this instant action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Specifically, Plaintiff alleges that he sent Defendant two letters, on May 4, 2014 and June 7, 2014, which "disputed" the debt at issue. *See*, Complaint ("Am. CP") ¶¶12, 16, 17, 23.[1] Plaintiff alleges that because Defendant knew or should have known, prior to July 8, 2014, that the debt was disputed, it was in violation of §§1692e and 1692e(8) to communicate the debt to TransUnion without notating that the debt was disputed. *See*, CP ¶¶20, 23. On October 10, 2014, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On October 17, 2014, this Honorable Court granted Defendant's Motion to Dismiss without prejudice. On November 24, 2014, Plaintiff filed his First Amended Complaint.

---

[1] Copies of the unredacted letters and credit report are attached hereto.

However, Plaintiff's First Amended Complaint fails to remedy the pleading deficiencies in his original complaint. Plaintiff attaches the same documents showing that Plaintiff did not actually "dispute" the debt at issue. While it is a violation of 15 U.S.C. §1692e(8) for a debt collector to fail "to communicate that a disputed debt is disputed…", the Defendant must have actual notice that the debt at issue is disputed in order to violate the Act. While Plaintiff attaches the alleged "disputes" to his complaint, the two letters do not "dispute" the debt. Thus, dismissal is appropriate again as Plaintiff's Amended Complaint clearly fails to state a claim for which relief is granted.

## STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. Pro. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court is to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* A court however, is not "obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989). A court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).

## I. PLAINTIFF FAILS TO ESTABLISH DEFENDANT KNEW OR SHOULD HAVE KNOWN THE DEBT WAS IN DISPUTE.

The letters attached to Plaintiff's Amended Complaint show that the alleged communications to Defendant did not put Defendant on notice that Plaintiff "disputed" the debt

at issue (Account No. M188**). Plaintiff alleges that on May 4, 2014, he wrote the following

letter to Defendant, which reads in relevant part,

> I recently pulled my credit report and discovered an account
> (#M188**) with your agency. I have not received any collection
> letters or anything about this debt. I am unable to pay this debt
> because my income is lower than my monthly expenses, and I have
> no assets. If you could please provide more information about this
> debt, I might be able to figure something out."

*See*, Am. CP, Ex. C ("May 4 Letter"). While Plaintiff identified the same account number in the

letter as the account number on his credit report, at no point in the May 4 Letter does Plaintiff

dispute the debt. Plaintiff merely requests more information regarding the debt. In fact, if

anything, Plaintiff's communication is an attempt to negotiate a settlement of the debt. In short,

as to the May 4th Letter, Plaintiff failed to communicate to Defendant that he did in fact dispute

the debt.

Plaintiff also alleges that on June 7, 2014, he wrote another letter to Defendant which he

allegedly disputed the debt again. *See*, Am. CP, Ex. D (hereinafter "June 7 Letter"). That letter

reads, in relevant part,

> I recently pulled my credit report and discovered an account (#51547**) with
> your agency. I have looked at my records, and this information does not seem
> accurate. I would like more proof regarding this account and how you came to
> own it, otherwise, I am disputing it. I am unable to pay this debt because my
> income is lower than my monthly expenses, and I have no assets.

*See*, Am. CP, Ex. D. However, again, the language does not dispute the debt because it refers to

an account number that is not the subject of the credit report at issue. See, Am. CP, Ex. B (trade

line). The June 7 Letter specifically states that the communication is relevant to an account

number (#51547**), which is a different account number than that referenced in the May 4

Letter (#M188**) and on the trade line (#M188**). While the account number in the May 4

Letter matches the account reported on the trade line, the account number in the June 7 Letter does not. In fact, the account number referenced in the June 7 Letter does not match any account number with Defendant. It is impossible for Defendant to send additional information on an account that does not exist. Further, Defendant is not alleged to have reported any information relevant to an account identified as (#51547**). Thus, it is clear that even if Plaintiff's letter constituted a dispute, it did not concern a dispute of the debt which was reported by Defendant and thus, there is no claim under §1692e or e(8).

As was true with Plaintiff's Complaint, while Plaintiff's Amended Complaint concludes that he disputed the debt in the May 4 Letter and June 7 Letter, the letters show otherwise. *See* Am. CP, Ex. B, C and D. In that this can be easily seen from exhibits attached to his amended complaint, Plaintiff has effectively pled himself out of court. *See*, *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988 (7th Cir. Ill. 1991); *see also Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998)("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."); *In the Matter of Wade*, 969 F2d 241, 249 (7th Cir. 1992)("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment."). Accordingly, Plaintiff's complaint must be dismissed and this time, as it is clear that Plaintiff cannot amend to state a cause of action the dismissal should be with prejudice.

WHEREFORE, Defendant, HEALTHCARE COLLECTIONS-I, LLC, by and through its undersigned counsel respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint with prejudice and for any such other just relief this Court deems proper.

4

Respectfully Submitted,

HEALTHCARE COLLECTIONS-I, LLC

By:  /s/ Nicole M. Strickler
Nicole M. Strickler
Messer, Stilp & Strickler, Ltd.
166 W. Washington Street, Suite 300
Chicago, Illinois 60602
312-334-3476
312-334-3434 (fax)
IL # 6298459
Strickler@messerstilp.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 16, 2014 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

By:  /s/ Nicole M. Strickler
Nicole M. Strickler
Messer, Stilp & Strickler, Ltd.
166 W. Washington Street, Suite 300
Chicago, Illinois 60602
312-334-3476
312-334-3434 (fax)
IL # 6298459
Strickler@messerstilp.com